UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVIS NEAL ELLIOTT,                                No. C-12-2568 EMC (pr)

    Petitioner,

    v.                                                              **ORDER TO SHOW CAUSE**

GARY SWARTHOUT, Warden,

    Respondent.
_____/

## I.    INTRODUCTION

Travis Neal Elliott, an inmate at the California State Prison - Solano, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    BACKGROUND

The petition and attachments thereto provide the following information: Elliott was convicted in Contra Costa County Superior Court of first degree murder, and sentence enhancement allegations that he had personally used a dangerous weapon in the commission of the offense and had suffered prior convictions were found true. On December 12, 2008, he was sentenced to 31 years to life in prison.

Elliott appealed. The judgment of conviction was affirmed in the California Court of Appeal in 2008. His petition for review was denied by the California Supreme Court in 2011. Elliott then filed this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) Petitioner's federal rights to due process and a fair trial were violated by the introduction of "evidence of the transfer of Scales' house to Shanelle to prove that Elliott murdered Irving because he had been effectively disinherited," Docket # 1, p. 21; (2) Petitioner's constitutional rights to due process and a fair trial were violated when the trial court denied his motion for a mistrial "once a prosecution witness, in contravention of the trial court's ruling, blurted out that Elliott had been to prison," *id.* at 29, 30; (3) "it was prosecutorial misconduct for the prosecutor not to inform his witnesses of the trial court's ruling that they not mention Elliott's prison sentence," *id.* at 33; (4) "trial counsel rendered ineffective assistance of counsel by drafting a prejudicial stipulation to be read to the jury," *id.* at 34; (5) trial counsel provided ineffective assistance of counsel if his "objections to the introduction of evidence of the title transfer were insufficient to preserve the issue [that] the evidence should have been excluded under Evidence Code Section 352 and on federal constitutional grounds," *id.* at 43; and (6) cumulative error, *id.* at 45. Liberally construed, these claims for constitutional violations are cognizable in a federal habeas proceeding.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon petitioner, on or before **September 28, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **November 2, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED**.  (Docket # 2.)

IT IS SO ORDERED.

Dated: July 18, 2012

EDWARD M. CHEN
United States District Judge